IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAUNTE ADKINSON,<br><br>Plaintiff,<br><br>v.<br><br>1) DAVE & BUSTER'S OF GEORGIA, INC., d/b/a Dave & Buster's, and<br>2) JOHN DOES 1-6,<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shaunte Adkinson, by and through the undersigned counsel, and files this his Complaint for damages and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and for breach of the implied duty to pay wages under Georgia law by Defendants.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant Dave & Buster's of Georgia, Inc. ("D&B of GA") is a Georgia corporation and has a principal place of business at 2481 Manana Dr., Dallas, TX 75220. D&B of GA may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Capitol Corporate Services, Inc., located at 3675 Crestwood Parkway, Suite 350, Duluth, GA 30096.

6.

Defendants John Does 1-6 are business entities[1] and individual managers that also may be Plaintiff's employers (as that term is defined by the FLSA). As this

---

[1] There are four active entities registered with the Georgia Secretary of State (including Dave & Buster's of GA) that contain the name "Dave & Buster's."

Action progresses, proper names will be substituted for the John Doe moniker, and/or John Does will be dropped from this Action.

7.

Defendants are governed by and subject to the FLSA.

8.

At all relevant times, Defendant D&B of GA was an enterprise engaged in commerce or in the production of goods for commerce.

9.

At all relevant times, Defendant D&B of GA has had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

10.

Dave & Buster's is a restaurant/family fun center with locations throughout the nation. Its motto is "the only place to eat, drink, play & watch sports all under one roof!"

11.

On information and belief, Defendant D&B of GA owns and operates Dave & Buster's locations throughout the state of Georgia.

12.

At all relevant times, Defendant D&B of GA has had at least $500,000.00 in annual gross volume of sales made or business done.

13.

At all relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

14.

Defendants acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

15.

Defendants determined the terms and conditions of Plaintiff's employment, including Plaintiff's job duties, work hours, and compensation.

16.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## **STATEMENT OF FACTS**

17.

From in or about January of 2014 to in or about November of 2014, Plaintiff has worked as a maintenance technician/busser/dishwasher at D&B of GA at a rate of $10.00 per hour.

18.

In that position, Plaintiff was primarily responsible for bussing tables, washing dishes, and maintaining the cleanliness of the location (e.g., cleaning, taking out trash, etc.).

19.

At all relevant times, Plaintiff was typically scheduled to work 30 hours per week. However, Plaintiff regularly worked between 35 and 46 hours per week.

20.

Plaintiff regularly was not paid for between 5 and 10 hours per workweek.

21.

Plaintiff clocked in at the beginning of each shift and clocked out at the end of each shift. However, Plaintiff's paystubs did not reflect the hours for which he was not paid.

22.

Plaintiff repeatedly complained to the head manager, "Bob" (who is currently named as a John Doe), about not being paid for all of the work that he performed.

23.

Bob would tell Plaintiff (falsely) that the discrepancy was caused by money being taken out in taxes, and that if Plaintiff didn't like it, he could leave.

## **COUNT ONE**
## **Failure to Pay Minimum Wage as Required by the FLSA**
## **(As to All Defendants)**

24.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 of this Complaint as if fully set forth herein.

25.

Plaintiff regularly was not paid for between 5 and 10 hours per workweek. This caused Plaintiff's weekly wages to fall below $7.25 per hour during some (if not all) of the weeks that he worked at D&B of GA.

26.

Defendants violated the FLSA by failing to pay Plaintiff the federal minimum wage rate of $7.25 for each and every hour worked.

27.

Defendants acted in willful disregard of its obligations under the FLSA and, therefore, the statute of limitations period should be extended from two years to three years.

28.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover his unpaid minimum wages, an equivalent amount as liquidated damages, attorneys' fees, and costs.

**COUNT TWO**
**Failure to Pay Overtime as Required by the FLSA**
**(As to All Defendants)**

29.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 of this Complaint as if fully set forth herein.

30.

Plaintiff worked between 35 and 46 hours per workweek, and was not paid for between 5 and 10 hours of work per workweek.

31.

Defendants suffered and/or permitted Plaintiff to work more than forty (40) hours in a workweek.

32.

Defendants failed to pay Plaintiff time-and-one-half his regular hourly rate of pay for all hours worked over 40 in a workweek.

33.

Defendants knew that Plaintiff worked more than 40 hours in some workweeks.

34.

Management consistently required Plaintiff to work longer hours than he was scheduled to work, and to work on days when he was not scheduled to work.

35.

Plaintiff repeatedly complained to management about not being paid for all hours worked.

36.

Defendants acted in willful disregard of their obligations under the FLSA and, therefore, the statute of limitations period should be extended from two years to three years.

37.

As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover his unpaid overtime wages, an equivalent amount as liquidated damages, attorneys' fees, and costs.

## COUNT THREE
### Retaliation under the FLSA
### (As to All Defendants)

38.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 of this Complaint as if fully set forth herein.

39.

Plaintiff engaged in "protected conduct" by continually complaining about not being properly paid for all hours worked.

40.

Plaintiff was fired in November of 2014.

41.

Defendants' decision to terminate Plaintiff without adequate notice constitutes an adverse action under the FLSA.

42.

The close temporal proximity between Plaintiff's protected conduct and Defendants' adverse actions is evidence of Defendants' retaliatory motive.

43.

Plaintiff has suffered severe harm as a result of being fired. He found it very difficult to find another job because Defendants would speak ill of him to prospective employers who sought a reference from Defendants. Eventually, he lost his car and his apartment, and his girlfriend left him because he could not support her. He was homeless and sleeping outside in the wintertime, acquired "walking pneumonia," and almost died. Currently, Plaintiff is still homeless.

44.

Plaintiff has and will continue to suffer economic loss and severe emotional distress as a result of Defendants' retaliatory conduct.

**COUNT FOUR**
**Quantum Meruit**
**(As to All Defendants)**

45.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 of this Complaint as if fully set forth herein.

46.

Plaintiff worked at D&B of GA with the understanding and expectation that he would be compensated at a rate of $10.00 per hour for each and every non-overtime hour that he worked.

47.

Defendants benefitted from the work performed by Plaintiff.

48.

Defendants did not pay Plaintiff $10.00 per hour for each and every hour that he worked.

49.

Defendants' failure to pay Plaintiff for his services is unjust, and Plaintiff has suffered harm, including monetary damages.

50.

Plaintiff is entitled to the reasonable value of his services for all hours worked from January 2014 to November 2014. This amount must be determined by a jury.

### COUNT FIVE
### Violation of Georgia RICO Statute
### (As to All Defendants)

51.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 of this Complaint as if fully set forth herein.

52.

Defendants have acted in concert to commit at least two RICO predicate acts, which gives rise to a Georgia RICO claim pursuant to O.C.G.A. § 16-14-4.

53.

Directly or indirectly acquiring or maintaining an interest in, or control of, real property or personal property (including money), or conspiring or endeavoring to do so, by virtue of the commission of (a) two predicate acts, (b) in furtherance of **a single** incident, scheme, or transaction,[2] (c) involving the same victim, gives the victim a claim under the Georgia RICO statute if the victim can establish that the RICO violation directly and proximately caused her harm. See O.C.G.A. §§ 16-14-4(a), (c); 16-14-3(8)(A), (9)(A).

54.

---

[2] "'Pattern of racketeering activity' means: **(A)** Engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions…" This subsection of the RICO statute was amended in 2001, which amendment explicitly abrogated the line of caselaw holding that a Plaintiff must offer proof of more than one incident, scheme, or transaction in order to state a claim under Georgia RICO. See **Ga. L. 2001, p. 858, § 1.**

Theft of services is a Georgia RICO predicate act. See O.C.G.A. §§ 16-14-3(5)(A)(xii); 16-8-5.

55.

On at least two occasions from January 2014 to November 2014, Defendants obtained Plaintiff's services (i.e., his labor), which was only available for compensation, and did not pay him for those services.

56.

Defendants obtained Plaintiff's services with the intent to not pay for them.

57.

Defendants stole Plaintiff's services by deception. (This is evidenced by the fact that Plaintiff's paystubs do not reflect the hours worked for which he was not paid. It is also evidenced by the fact that Bob falsely told Plaintiff that the discrepancy in his pay was caused by money being taken out in taxes.)

58.

By virtue of committing these predicate acts of theft of services against Plaintiff, Defendants were able to maintain control of money (i.e., the wages that they did not pay to Plaintiff).

59.

The predicate acts of theft of services committed by Defendants were done in furtherance of a scheme to cut costs by unlawfully obtaining free labor.

60.

Each of the above-stated acts involved the same victim: Plaintiff.

61.

The above-stated acts proximately harmed Plaintiff by depriving him of wages to which he was entitled.

62.

Plaintiff is entitled to compensatory, punitive, and treble damages, as well as attorneys' fees and costs, as a result of Defendants' violation of the Georgia RICO statute.

### COUNT SIX
### Punitive Damages
### (As to All Defendants)

63.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 and 51 through 62 of this Complaint as if fully set forth herein.

64.

To the extent Plaintiff can establish at trial by clear and convincing evidence that the acts of Defendants or their agents were done willfully, maliciously, recklessly, without regard to consequences, or with intent to cause harm, Plaintiff may be entitled to an award of punitive damages.

# COUNT SEVEN
## Recovery of Attorneys' Fees and Expenses under O.C.G.A. § 13-6-11
### (As to All Defendants)

65.

Plaintiff reasserts and incorporates by reference paragraphs 4 through 23 and 45 through 64 of this Complaint as if fully set forth herein.

66.

Defendants' act of willfully refusing to pay Plaintiff at least $10.00 for each and every hour worked was done in bad faith.

67.

Plaintiff is entitled to recover his litigation expenses, including his reasonable attorneys' fees and costs, under O.C.G.A. § 13-6-11 with respect to Counts Four, Five, and Six of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendants violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid overtime and minimum wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees, and costs in accordance with the FLSA, 29

U.S.C. § 216, and for all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA;

D. For a judgment in Plaintiff's favor for lost wages, emotional distress damages, reasonable attorneys' fees and costs, and for all other legal and equitable relief as may be appropriate, arising from Defendants' retaliatory conduct pursuant to 29 USC § 215(a)(3) of the FLSA;

E. For a judgment in Plaintiff's favor for compensatory, punitive, and treble damages, and for reasonable attorneys' fees and costs, and for all other legal and equitable relief as may be appropriate, arising from Defendants' violations of Georgia law; and

F. For such other and further relief as this Court deems proper and just.

Date: January 17, 2017

Respectfully submitted,

SMITH LAW, LLC

By: */s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280
Louise N. Smith
Georgia Bar No. 131876
*Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 889-2264
T: (678) 690-5299
T: (678) 889-2898
F: (678) 889-2890

william@smithlaw-llc.com
louise@smithlaw-llc.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

          By:   */s/ William J. Smith*
                  William J. Smith
                  Georgia Bar No. 710280
                  Louise N. Smith
                  Georgia Bar No. 131876
                  *Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 889-2264
T: (678) 690-5299
T: (678) 889-2898
F: (678) 889-2890
william@smithlaw-llc.com
louise@smithlaw-llc.com

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing SECOND AMENDED COMPLAINT FOR DAMAGES was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 17th day of January, 2017.

                                            Respectfully submitted,

By: */s/ William J. Smith*
      William J. Smith
      Georgia Bar No. 710280
      *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2017, I have caused or will cause service of the within and foregoing COMPLAINT FOR DAMAGES to issue upon the Defendants to this Action in the manner required by FRCP 4.

Respectfully submitted,

By: */s/ William J. Smith*
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*